◼ In the Matter of the Claim of SETH E. KREISLER, Respondent, v. DENNIS BRIDGEHAMPTON CONSTRUCTION CORP. et al., Appellants, and PUTPARK CONSTRUCTION CO., INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed July 29, 1970, which determined that Dennis Bridgehampton Building Corp. was the special employer of claimant and Putpark Construction Co., Inc., his general employer. Various factors such as the right to control the methods of payment, the furnishing of equipment, the right to fire and the so-called relative nature of the work test are relevant in determining whether an employment exists, it being possible often to establish the relationship on the basis of one of these elements alone (*Matter of Bianculli* v. *Times Sq. Stores,* 34 A D 2d 696, 697). The board's factual determination should be upheld since the special employment it found is supported by substantial evi-

dence, particularly as to the supervision of construction and of the finishing of houses claimant was engaged in as opposed to his usual work of carpenter supervisor (cf. *Matter of Goodman* v. *Stone & Webster Eng. Corp.*, 11 A D 2d 558, 559), the absence of payment by his general employer for the day of the accident and the method of payment for work previously done by claimant for Dennis Bridgehampton. Decision affirmed, with one bill of costs to respondents filing briefs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.